## The People of the State of Illinois, Defendant in Error, v. Louis Peck, Plaintiff in Error.

### Gen. No. 6,233. (Not to be reported in full.)

Error to the County Court of De Kalb county; the Hon. WILLIAM L. POND, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Louis Peck, defendant, for violating the statute relating to anti-saloon territory (J. & A. ¶ 4647 *et seq.*). From a judgment of conviction and fine and imprisonment and abatement of the place described in the indictment, defendant brings error.

CLIFFE & CLIFFE, for plaintiff in error.

LOWELL B. SMITH, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the
court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 140*—*when record need not be in-
troduced to show description of premises where liquor is sold.* On
trial under an indictment for selling intoxicating liquor in anti-
saloon territory, *held* that the legal description of the property
on which the building wherein the intoxicating liquor was sold
was located could be given by any one who knew it, and it would
not be necessary to introduce the record.

2. INTOXICATING LIQUORS, § 131*—*what evidence is admissible
to show character of place in prosecution for sale in anti-saloon
territory.* Evidence that a witness had seen intoxicated persons
come out of a place wherein it was charged that intoxicating
liquors had been sold, *held* admissible in a prosecution for selling
intoxicating liquor in anti-saloon territory.

3. INTOXICATING LIQUORS, § 140*—*when certified copy of record
of internal revenue collector's office showing issuance of special
stamp is admissible in prosecution for selling intoxicating liquor
in anti-saloon territory.* A certified copy of a record of the in-
ternal revenue collector's office for the district within which in-
toxicating liquors were charged to have been sold, showing the
issuance of a special stamp or license to carry on the business of
a retail liquor dealer at a certain place for a certain period, *held*
to be competent evidence without proof that it was posted in said
place, in a prosecution for selling intoxicating liquor in anti-
saloon territory.

4. CRIMINAL LAW, § 494*—*when accused cannot complain of al-
leged erroneous admission of evidence.* Under an indictment
against one Louis Peck charged with selling intoxicating liquor
in anti-saloon territory, where defendant contended that error was
committed by the trial court in permitting the State to prove that
his full name was Louis E. Peck and that he was commonly
known as L. E. Peck, *held* that there was no merit in such con-
tention where it appeared such defendant's counsel had called him
L. E. Peck in examining his own witnesses and in an instruction
given at his request.

5. INTOXICATING LIQUORS, § 132*—*when statements of accused in-
dicating guilt are admissible in prosecution for selling intoxicating
liquor in anti-saloon territory.* In a prosecution for selling intoxi-
cating liquor in anti-saloon territory, evidence that the accused

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

had told a witness he had sold whisky to parties named and that they did not dare expose him, and that he had tried to prevent a witness from testifying before the grand jury to the truth of the matter and to so shape his testimony that it would not include intoxicating liquor, *held* properly admitted.

6. CRIMINAL LAW, § 212*—*when action of court in reciting portions of evidence in ruling upon objections is not erroneous.* Where a judge, in ruling upon objections to evidence before the jury, in a criminal case recited or repeated portions of the testimony, *held* no error if he correctly stated the evidence, especially where no objection was made.

7. INTOXICATING LIQUORS, § 131*—*when evidence as to place being quiet and orderly is properly excluded in prosecution for selling in anti-saloon territory.* As the sale of intoxicating liquor in anti-saloon territory is a nuisance under the Anti-Saloon Territory Act (J. & A. ¶ 4650), notwithstanding the place where it is sold may be a quiet and orderly place, *held* that there was no error committed by the court in refusing to permit a witness in a prosecution for violation of the act to testify that the place in question was quiet and orderly, particularly where the accused had testified that he so kept it and no one had testified directly to the contrary.

8. INTOXICATING LIQUORS, § 158*—*when instruction in prosecution for sale of in anti-saloon territory is not erroneous.* Where the anti-saloon law was adopted in certain territory on April 7, 1914, *held* that such law became effective in that territory May 7, 1914, and that an instruction covering the period "after May 6, 1914," would not be open to the objection that it covered one day before the law went into effect.

9. CRIMINAL LAW, § 417*—*when question of variance between proof and indictment may not first be raised on appeal.* Where a nuisance count in an indictment for selling intoxicating liquor in anti-saloon territory described the place where such liquor was charged to have been sold as "No. 123 South California street" and an internal revenue stamp in evidence described it as 123 California street, and there was no proof of any other 123 California street than 123 South California street, *held* no ground for reversal of a judgment of conviction where the variance was first suggested on appeal.

10. INTOXICATING LIQUORS, § 162*—*when instruction in prosecution for sale of in anti-saloon territory is not reversibly erroneous.* Even if an instruction in a prosecution for selling intoxicating liquor in anti-saloon territory was improper because covering a day before the law went into effect in such territory, the giving

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of such instruction is not ground for reversal where no sales of intoxicating liquor in the place charged were proved to have been made on the particular day.